# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00286-SCT

*JOSEPH A. PROLI, M.D.*

*v.*

*MELINDA HATHORN AND JANICE DAVIS,
INDIVIDUALLY AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES OF
TRESSIE D. BEDWELL, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/19/2005 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROMNEY HASTINGS ENTREKIN |
| | RYAN JEFFREY MITCHELL |
| ATTORNEY FOR APPELLEES: | ROSALIND HAYDEN JORDAN |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED AND REMANDED - 04/27/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

### PROCEDURAL HISTORY

¶1.     This interlocutory appeal concerns when proper service is complete for the medical malpractice notice requirement pursuant to Miss. Code Ann. § 15-1-36(15) (Rev. 2003). Melinda Hathorn and Janice Davis (collectively known as "Hathorn") filed a medical malpractice case in the Circuit Court of the Second Judicial District of Jones County,

Mississippi, against Dr. Joseph A. Proli, individually and on behalf of the wrongful death beneficiaries of Tressie D. Bedwell, deceased.

¶2. Hathorn alleged that Bedwell suffered a minor stroke on May 1, 2002, and was admitted to South Central Regional Medical Center. On May 2, 2002, Dr. Proli performed a transesophageal electrocardiogram on Bedwell. Thereafter, Bedwell was transferred to Forrest General Hospital for additional surgery on her esophagus. On May 18, 2002, Bedwell died.

¶3. Hathorn admitted in her brief that the statute of limitations began to run on May 18, 2002, the date of Bedwell's death, and it was set to expire on May 18, 2004. On April 22, 2004, Hathorn mailed a certified letter to Dr. Proli informing him that counsel was retained to investigate Bedwell's alleged wrongful death. Dr. Proli received the notice on April 30, 2004. After the initial notice, Hathorn filed a complaint on June 24, 2004. The complaint alleged that Dr. Proli perforated Bedwell's esophagus during the May 2nd procedure which proximately caused or contributed to her death. Dr. Proli filed an answer to the complaint asserting the statute of limitations pursuant to Miss. Code Ann. § 15-1-36(15) as a defense.

¶4. Dr. Proli filed a motion to dismiss. He argued that (1) Hathorn's complaint failed to comply with the applicable two-year statute of limitations and the 60 day extension period pursuant to Miss. Code Ann. §§ 15-1-36(2) and 15-1-36(15), and (2) pursuant to M.R.C.P. 5 service by mail is complete upon mailing, which occurred on April 22, 2004. The trial court conducted a hearing and later issued an order denying Dr. Proli's motion to dismiss.

2

The trial court found the action was not time-barred by the statute of limitations because Dr. Proli received the notice via certified mail on April 30, 2004. Following this ruling, the trial court granted Dr. Proli's motion for certification for interlocutory appeal and stay of proceedings. This Court granted Dr. Proli's petition for interlocutory appeal. On appeal, the issue raised is:

> Whether the sixty day notice requirement of Miss. Code Ann. § 15-1-36 (15) is governed by M.R.C.P. 5 thereby making service of the notice complete upon mailing.

## DISCUSSION

A.    Completion of Notice.

¶5.    Prior to filing suit, written notice is required for legal actions against health care providers for alleged negligence. Miss. Code Ann. § 15-1-36. The statute provides, in part, for a two-year statute of limitations from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered. Miss. Code Ann. § 15-1-36(2) provides:

> (2) For any claim accruing **on or after July 1, 1998**, and except as otherwise provided in this section, **no claim in tort may be brought against a licensed physician**, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor **for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered**, and, except as described in paragraphs (a) and (b) of this subsection, in no event more than seven (7) years after the alleged act, omission or neglect occurred . . . .

3

Miss. Code Ann. § 15-1-36(2) (emphasis added). This notice statute also has a provision that extends the time for the commencement of the action for 60 days from the date of service of the notice *if* the notice is served within 60 days prior to the expiration date of the applicable statute of limitations. Miss. Code Ann. § 15-1-36(15) provides:

> (15) **No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action.** No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. **If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others.** This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

Miss. Code Ann. § 15-1-36(15) (emphasis added).

¶6. The trial court determined that the notice was served upon Dr. Proli when he *received* the certified mail notice on April 30, 2004, pursuant to M.R.C.P. 4(c)(5). The trial court held:

> According to MRCP 4(c)(5) certified mail "shall be deemed complete as of the date of delivery as evidenced by the return receipt. . . ." *See* MRCP 4. This Court finds that MRCP 5(b) is applicable for regular United States first-class mail postage prepaid, not for certified mail. *See* MRCP 5. This Court finds no reason why the date of delivery for a notice letter sent certified mail would be different from the date of delivery of a summons sent by certified mail.
>
> The Court finds that the notice letter was sent certified mail return receipt requested, and that the Defendant received the letter on April 30, 2004, as evidenced upon the return receipt. Thus, the Plaintiff's Complaint is not time-barred.

¶7. Dr. Proli argues that the trial court erred by denying his motion to dismiss. The trial court determined that (1) service of the notice was complete when Dr. Proli *received* the notice letter on April 30, 2004, pursuant to M.R.C.P. 4(c)(5), and (2) based upon the date of service of the notice, Hathorn's suit was not time-barred. Dr. Proli argues that service of the notice was complete on the date it was *mailed*, April 22, 2004, pursuant to M.R.C.P. 5. Dr. Proli also relies upon **Brocato v. Mississippi Publishers Corp.**, 503 So.2d 241, 243 (Miss. 1987), which will be discussed in further detail below. Based upon the April 22, 2004, date of completion of the service of the notice, Dr. Proli asserts that Hathorn failed to timely file her complaint pursuant to the statute of limitations. *See* Miss. Code Ann. § 15-1-36.

¶8. In order to determine whether Hathorn's suit is barred by the statute of limitations, this Court first must determine whether M.R.C.P. 4(c)(5) or M.R.C.P. 5 is controlling for the service of the notice required by Miss. Code Ann. § 15-1-36.

¶9. M.R.C.P. 4 (c)(5) concerns service of a summons and complaint by certified mail on a person outside the State and provides:

> In addition to service by any other method provided by this rule, **a summons may be served on a person outside this state** by sending a copy of the summons and of the complaint to the person to be served by **certified mail, return receipt requested**. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." **Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."**

M.R.C.P. 4 (c)(5) (emphasis added). M.R.C.P. 5 concerns service and filing of pleadings and other papers and provides:

(a)  Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, **and every written notice**, appearance, demand, offer of judgment, designation of record on appeal and similar paper shall be served upon each of the parties....

(b)  **Service by mail is complete upon mailing.**

M.R.C.P. 5 (emphasis added).

¶10.    This Court addressed a statute with a notice requirement in *Brocato*.  In *Brocato*, a libel action, this Court analyzed Miss Code Ann. § 15-1-35, which requires a libel action to be filed within one year after the cause of action accrues, and Miss. Code Ann. § 95-1-5, which requires a plaintiff to give ten days notice to the defendant before a libel action is brought.  This Court, in *Brocato*, 503 So. 2d at 243, held:

> Because of the peculiar factual situation involved in this case, it is essential for the Court to determine **what action constitutes the serving of notice under § 95-1-5, which is silent regarding how notice is to be served.  Rule 5 of the Mississippi Rules of Civil Procedure is generally utilized after a suit has been filed.**  The official comments to Rule 5 state in part, "This rule presupposes that the court has already gained jurisdiction over the parties." **However, this Court finds the mechanics of Rule 5 may also be used in a situation such as the one at bar in which notice is required as a preliminary step to filing a lawsuit.  Therefore, this Court holds that the notice requirements of § 95-1-5 should follow the Rule 5 outlines.**

(Emphasis added).

¶11.    This Court followed M.R.C.P. 5 in *Brocato* and held that the *mechanics* of M.R.C.P. 5 are controlling when notice is required as a preliminary step to filing a lawsuit.  *Brocato*,

6

503 So. 2d at 243. While the statute under consideration here is different than in **Brocato**, this Court's holding is applicable to the notice requirement of Miss. Code Ann. § 15-1-36. Even though **Brocato** concerns a libel action it is analogous to this case because the applicable statute has a requirement to provide notice prior to filing suit. Likewise, in this case, Miss. Code Ann. § 15-1-36. concerns notice to health care providers prior to filing suit. Further, M.R.C.P. 4(c)(5) is distinguishable from M.R.C.P. 5 because it concerns issuing a summons and complaint on a person outside the state of Mississippi, which is not the fact situation here. Dr. Proli is not outside the State of Mississippi.

¶12.    This Court finds that like **Brocato**, M.R.C.P. 5 is controlling in this case. Therefore, notice was complete on the date Hathorn mailed the letter to Dr. Proli. Hathorn mailed the notice to Dr. Proli on April 22, 2004. Therefore, the trial court erred in concluding otherwise.

        B.      Statute of Limitations

¶13.    Hathorn admits that the statute of limitations began to run on the date of Bedwell's death, May 18, 2002. Therefore, there is no dispute in the record as to when the two-year statute of limitations began to run. Dr. Proli argues that the suit, therefore, had to be filed by May 18, 2004. However, the notice provision of Miss. Code Ann. § 15-1-36(15) provides that "if the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty **(60) days from the service of the notice** for said health care providers and others."

7

(emphasis added). Dr. Proli argues that because Hathorn mailed the notice on April 22, 2004, the complaint had to be filed on or before June 21, 2004, in order to comply with the two-year statute of limitations set forth in Miss. Code Ann. §§ 15-1-36(2) and 15-1-36(15).

¶14.    Hathorn argues that counsel mailed the notice via certified mail; therefore, the *received* date of April 30, 2004, controls this case pursuant to M.R.C.P. 4(c)(5). She asserts that with the 60 day extension period the complaint had to be filed on or before June 28, 2004. Hathorn asserts that she filed the complaint on June 24, 2004, which was within the statute of limitations period. Miss. Code Ann. §§ 15-1-36(2) and 15-1-36(15). Neither Dr. Proli nor Hathorn are correct in their calculations.

¶15.    This Court recently decided ***Pope v. Brock***, 912 So.2d 935 (Miss. 2005), which concerns the application of Miss. Code Ann. § 15-1-36(15). Both Dr. Proli and Hathorn filed their briefs in support of this appeal prior to this Court's decision in ***Pope***. Therefore, neither party, nor the trial court, had the benefit of the ***Pope*** decision during the hearing on the motion to dismiss or at the time of their initial filings to this Court.

¶16.    Pope, an administratrix of the estate of Nancy Springer, gave written notice on May 30, 2003, to a number of doctors and a medical center claiming professional negligence on behalf of Springer's estate. ***Pope***, 936 So. 2d at 936. Springer died on June 2, 2001. ***Id***. Pope refrained from filing suit for what she believed to be the proper notice period and then filed a wrongful death suit on July 30, 2003. ***Id***. The trial court granted a motion to dismiss finding that Pope's suit was barred by the statute of limitations. ***Id***.

8

¶17.    This Court was faced with determining how to interpret Miss. Code Ann. § 15-1-36 when notice is given within 60 days of the expiration of the two-year statute of limitations. As stated above, the statute provides that "[i]f the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice" to the medical providers. Miss. Code Ann. § 15-1-36(15). On the one hand, this Court found that the statute in *Pope* could be interpreted as providing a statute of limitations that ran **60 days from the <u>date of service</u> of the notice requirement**. *Pope*, 912 So.2d at 936. On the other hand, the language "shall be extended" could be interpreted to mean a tolling of the statute of limitations for 60 days. *Id*. The latter interpretation practically applied allows for a two-year and sixty day statute of limitations.

¶18.    In *Pope*, this Court considered both Miss. Code Ann. § 15-1-36 and Miss. Code Ann. § 15-1-57 in its analysis. Miss. Code Ann. § 15-1-57 states:

> When any person shall be prohibited by law . . . from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited . . . shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.

When considering both of these statutes, this Court held that the two-year statute of limitations in Miss. Code Ann. § 15-1-36 is tolled for sixty days. *Pope*, 912 So. 2d at 939. This Court held:

> Since Pope was prohibited by law from filing suit during the sixty-day notice period, this statute clearly and unambiguously prohibits use of any of the sixty-day notice period in computing the running of the statute of limitations.

9

Since Pope originally had two years to file suit under Section 15-1-36(2), and since Pope was "prohibited by law" from filing suit for the sixty-day period, a literal application of the wording of the statute results in a statute of limitations period of two years and sixty days, which expired on August 1, 2003. We find no statute which explicitly renders Section 15-1-57 inapposite to this case, although a reasonable argument can be made that it is in conflict with Section 15-1-36(15).

*Id.* at 938. To clarify our decision in **Pope**, this Court holds that the time period is *extended*, not tolled, pursuant to the language of Miss. Code Ann. § 15-1-36(15). Pursuant to **Pope**, this Court's interpretation of Miss. Code Ann. § 15-1-36(15) applied to this case requires us to affirm the trial court decision. However, this decision is based upon different grounds than those argued and ruled upon by the trial court.

¶19. This Court finds that M.R.C.P. 5 is controlling in this case, not M.R.C.P. 4(c)(5). Pursuant to M.R.C.P. 5, notice is served on the date that the notice is *mailed*. In this case, notice was *mailed* on April 22, 2004. Applying the reasoning of **Pope** to the facts of this case, when Hathorn mailed her notice to Proli on April 22, 2004, she had 26 days until the 2 year statute of limitation expired on May 18, 2004. However, Hathorn had to send 60 days notice prior to commencing an action against any health care provider. Miss. Code Ann. § 15-1-36(15). On April 22, 2004, Hathorn began the 60 day waiting period as set forth in Miss. Code Ann. § 15-1-36(15).

¶20. Pursuant to Miss. Code Ann. § 15-1-57, when a person is prohibited from commencing an action, the time during which a person is prohibited "shall not be computed as any part of the period of time limited by this Chapter for the commencement of the

action." The notice period prohibited Hathorn from commencing her action for a 60 day period. The normal statute of limitations on a case of this nature is two years. Therefore, the 60 day notice period could not be computed as part of the two year statute of limitations. Here, the statute of limitations began to run on May 18, 2002. Normally, the statute of limitations would end on May 18, 2004. However, Miss. Code Ann. § 15-1-36(15) required a 60 day notice period, but this 60 day period could not be computed as part of the two year statute of limitations. *See* Miss. Code Ann. § 15-1-57. When Hathorn mailed her service of notice on April 22, 2004, she had to wait until June 21, 2004, and no later than July 17, 2004, to file her case. Hathorn filed her complaint on June 24, 2004, which was within the statute of limitations. Accordingly, the trial court decision is affirmed, but based upon different grounds.

## CONCLUSION

¶21. This Court finds that M.R.C.P. 5 controls when the date of notice is complete. M.R.C.P. 5 considers service to be complete on the date of mailing. Notice was mailed to Dr. Proli on April 22, 2004. Miss. Code Ann. § 15-1-36(15) provides for a 60 day extension if service of the notice occurs within 60 days of the expiration of the two-year statute of limitations. This Court's ruling in *Pope* is controlling. Under these restrictions, Hathorn had to file her complaint on or after June 21, 2004, and no later than July 17, 2004. She filed her complaint on June 24, 2004, which was well within the statute of limitations. Therefore, the trial court erred by finding that M.R.C.P. 4(c)(5) was controlling in this case. However, the

11

trial court was correct in finding that Hathorn was not barred by the statute of limitations, but for reasons other than those determined by the trial court. This Court affirms the judgment of the Jones County Circuit Court denying Dr. Proli's motion to dismiss and remands this case to the trial court for further proceedings consistent with this opinion.

¶22.   **AFFIRMED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND DICKINSON, JJ., CONCUR. DIAZ, GRAVES AND RANDOLPH, JJ., NOT PARTICIPATING.**